**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL RUTKOWSKI,**

        **Plaintiff,**

-vs-                                                                      Case No.  6:07-cv-965-Orl-31UAM

**DAIMLER CHRYSLER CORPORATION-**
**UAW PENSION PLAN and DAIMLER**
**CHRYSLER-UAW BOARD OF**
**ADMINISTRATORS,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 18) and Plaintiff's Response thereto (Doc. 28).

**I. Background**

Plaintiff Michael Rutkowski ("Rutkowski") is a former employee of DaimlerChrysler Corporation ("DCC") and has completed at least 10 years of service with DCC. At all times relevant to this action, Rutkowski was a participant in an employee benefit plan sponsored by DCC ("the Plan"), which is subject to the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Defendant DaimlerChrysler Corporation – UAW Pension Board of Administrators ("the Board") is the Plan's Administrator.

On April 20, 2005, Rutkowski, having been totally disabled for at least 5 months, submitted an application for pension benefits ("the Application"). Despite several inquiries by Plaintiff, the Board has thus far failed to act on the Application. Rutkowski states that the failure to

act on his application within 60 days, as required by 29 CFR § 2560.503-1(I), results in a "deemed denial" of his claim.

On June 11, 2007, Rutkowski filed a Complaint in this Court which contains three counts and requests relief as provided by ERISA for (1) Defendants' failure to timely respond to Plaintiff's claim; (2) Defendants' failure to respond to his requests for documents related to the Plan and (3) Defendants' failure to provide Plaintiff with the benefits to which he is entitled under the Plan. Defendants now move under Federal Rule of Civil Procedure ("Rule")12(b)(6) to dismiss Rutkowski's Complaint, or, in the alternative, for summary judgment in their favor.

## II. Procedural Matters

Rule 12(b) of the Federal Rules of Civil Procedure states, in part, that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

In this case, Defendants have presented three exhibits, attached to their motion, that are not included in the Complaint. Therefore, this Court must either exclude those exhibits, or treat this as a motion for summary judgment under Rule 56.

The first document is a Release and Waiver of Reinstatement ("the Release") (Doc. 18-4 at 5) apparently signed by Plaintiff on November 19, 2004, and the second is an affidavit signed by DCC's Disability Representative Diane Regan (Doc. 18-4 at 3), which purports to authenticate the Release.

The third document (Doc. 18-5) is two pages (numbered 12 and 13) that purport to be part of the Plan and are dated, at the bottom of each page, September 26, 2003. Defendants state that these are the relevant pages of the plan document that applies to this dispute. However, these pages are totally out of context and not authenticated, and are therefore of no value to the Court.

Because the Plaintiff has not had an opportunity to conduct any discovery, and cannot make any argument regarding the authenticity or relevance of these documents, this Court will not consider them, or any arguments based on them, when ruling on this motion. Therefore, Defendants' motion will be treated simply as a motion to dismiss, under Rule 12(b)(6).

## III. Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the

pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**IV. Legal Analysis**[1]

Defendants argue that Plaintiff is not entitled to benefits because he was no longer an employee when he requested his pension benefits. Defendants state that Plaintiff resigned from DCC on November 19, 2004, and Plaintiff does not dispute that fact. However, Plaintiff argues that the Plan benefits were not limited to current employees of DCC. Resolution of this dispute requires this Court to interpret the terms of the Plan. However, it appears that the exhibits attached to the Complaint do not contain the Plan document. Instead, Exhibit A attached to the Complaint (Doc. 1-2) is apparently a handbook which summarizes benefits for "UAW Hourly Employees." On page 206 of this handbook, it states that

---

[1]First, Defendants argue that ERISA does recognize a claim for punitive damages. Plaintiff concedes this point and has revoked any request for punitive damages. Therefore, the Court will not discuss this issue.

> This booklet provides most of the information you need to know about the Pension Plan. However, the Pension Plan is governed by its plan document and trust agreement. If there is a conflict between this summary and the Pension Plan document and trust agreement, the Pension Plan document and trust agreement will govern.

(Doc. 1-2).

Unfortunately, the record does not contain a copy of the "Pension Plan document and trust agreement" and therefore this Court cannot determine whether former employees are entitled to any benefits under the Plan. However, at the motion to dismiss stage, the Court must assume that the well-plead facts of the Complaint are true, and therefore must assume that Rutkowski was covered by the Plan at all times relevant to this action.

Next, Defendants argue that Plaintiff's claims should be dismissed because the Application provided by Plaintiff (Doc. 1-3) is not actually a request for benefits, but instead simply indicates that Plaintiff elects the "Lifetime Annuity Without Surviving Spouse Option". (Doc. 18 at 5 n1). However, the second page of the form states that by signing below, "you are electing to begin benefits now". Therefore, it appears reasonable that this form could serve as a request for benefits. Furthermore, Defendants go on to argue that a letter dated April 24, 2007 (Doc. 18-3) serves as a denial of Rutkowski's benefit claim. Therefore, clearly Defendants believed that Rutkowski has made a claim for benefits, otherwise there would be nothing to deny. As such, this argument fails as well.

The remainder of Defendants arguments are not yet ripe at this stage of the litigation. After a review of the pleadings, this Court finds that Plaintiff has stated sufficient facts to state a claim for relief under Rule 12(b)(6). Therefore, Defendants' motion to dismiss will be denied.

**V. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Defendants' Motion to Dismiss is **DENIED** and Defendants' Alternative Motion for Summary Judgment is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 27, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party